**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVAN VALENZUELA-MARTINEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-71865

Agency No. A095-017-004

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges

Ivan Valenzuela-Martinez, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Valenzuela-Martinez's contention that the IJ erred by not providing him an opportunity to explain false statements made to immigration authorities is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's adverse credibility determination based on Valenzuela-Martinez's admissions regarding the false statements and fraudulent tax information he presented to immigration authorities in connection with his pursuit of Temporary Protected Status. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Thus, in the absence of credible testimony, in this case, Valenzuela-Martinez's asylum claim, even if timely, and his withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

14-71865

Finally, Valenzuela-Martinez's CAT claim fails because it is based on the same testimony the agency found not credible, and Valenzuela-Martinez does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Nicaragua. *See id.* at 1156-57. In light of our conclusions, we need not reach Valenzuela-Martinez's remaining contentions.

**PETITION FOR REVIEW DENIED.**